1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10    VICTORIA VERONICA CANESSA,              No.  2:23-cv-02052-SCR

11                   Plaintiff,

12         v.                                 MEMORANDUM OPINION AND ORDER

13    LELAND DUDEK, Acting Commissioner
      of Social Security,[1]
14
                     Defendant.
15

16

17         Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18    ("Commissioner"), denying her application for supplemental security income ("SSI") under

19    Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.  For the reasons that

20    follow, the Court will GRANT Plaintiff's motion for summary judgment and DENY the

21    Commissioner's cross-motion for summary judgment.  The matter will be reversed and remanded

22    to the Commissioner for further proceedings.

23                        **I.  PROCEDURAL BACKGROUND**

24         Plaintiff applied for SSI in May 2020, alleging disability beginning May 14, 2020.

25    Administrative Record ("AR") 294.[2]  The application was disapproved initially, and on

26    ───────────────
      [1] Leland Dudek became the Acting Commissioner of Social Security in February 2025, and
27    pursuant to Fed. R. Civ. P. 25(d) is substituted as the defendant herein.
      [2] The AR is electronically filed at ECF No. 10-12.  Page references to the AR are to the number
28    (continued…)

                                            1

1  reconsideration.  On May 31, 2022, administrative law judge ("ALJ") Matilda Surh presided over

2  a hearing on plaintiff's challenge to the disapprovals.  AR 56-75 (transcript).  Plaintiff

3  participated in the telephonic hearing.  Plaintiff had a representative at the hearing, attorney Jason

4  Carney.  Abbe May, a vocational expert, also testified.

5         On July 13, 2022, the ALJ issued an unfavorable decision, finding plaintiff "not disabled"

6  as defined in the Act.  AR 21-44 (decision).  On July 25, 2023, the Appeals Council denied

7  Plaintiff's request for review, leaving the ALJ's decision as the final decision of the

8  Commissioner of Social Security.  AR 1-3 (decision).

9         Plaintiff filed this action on September 21, 2023.  ECF No. 1.  The parties' cross-motions

10  for summary judgment, based upon the Administrative Record filed by the Commissioner, have

11  been fully briefed.  ECF Nos. 13 (Plaintiff's summary judgment motion), 15 (Commissioner's

12  summary judgment motion), and 17 (Plaintiff's reply).

13         **II.  FACTUAL BACKGROUND[3]**

14         Plaintiff was born in 1971, and was 49 years old when she filed her application.  AR 294.

15  Plaintiff went to school through the eighth grade and did not obtain a GED.  AR 60-61.  Her

16  written application alleged she was unable to work due to depression, headaches, and

17  impairments of the back, neck, shoulder, and hand.  AR 314.  Plaintiff stated she had last worked

18  in 2014, and had stopped working due to her conditions.  AR 314.  Plaintiff worked only one job

19  in the 15 years prior to her application and she described her work as: "Chopped up old furniture

20  when they needed to get rid of it, stocked shelves and put price tags on items."  AR 316.  At the

21  hearing, Plaintiff described this work as being done at a flea market.  AR 60-61.

22         Plaintiff testified she was unable to work because she "got ran over by a truck" and it

23  injured her back and she cannot walk or stand for more than 10 to 15 minutes.  AR 63.  When

24  asked about treatment for the injury, Plaintiff testified: "I don't understand.  There is no

25

26  in the lower right corner of the page.  For briefs, page references are to the CM/ECF generated
header in the upper right hand corner.

27  [3] The Court will not set forth the factual background/medical evidence in detail as there is no
challenge to the assessment of medical opinions or evaluation of Plaintiff's subjective symptom

28  testimony.

treatment.  They haven't offered me no treatment."  AR 63.  Plaintiff then clarified she has been

to "doctors over and over" and received pain medication.  AR 63-64.  Plaintiff testified that she

has lived with her boyfriend since 2014, and that he takes care of her.  AR 64-65.  She uses both a

cane and a walker.  AR 68.  Plaintiff also testified that she takes medication to help with sleep and

for depression.  AR 70.

On Plaintiff's Function Report (AR 341-48) she described problems with physical

impairments, including lower back pain and said she could not stand for longer than 20 to 30

minutes.  AR 341.  She indicated pain interferes with her sleep.  AR 342.  In the Function Report,

Plaintiff stated she was homeless and living in her car.  AR 341, 345.  Plaintiff indicated she

could go out alone, drive, and do her own shopping and meal preparation.  AR 343-44.  She

indicated that she spends time socializing with others, including via phone and computer.  AR

345.  Plaintiff also stated that she had been taking methadone for three years and had become

addicted to pain medication after her injury.  AR 348.

### III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is

supported by substantial evidence and if the Commissioner applied the correct legal standards."

*Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  *Andrews*

*v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a

preponderance."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from

the record can constitute substantial evidence, only those 'reasonably drawn from the record' will

suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the court

nonetheless must review the record as a whole, "weighing both the evidence that supports and the

evidence that detracts from the [Commissioner's] conclusion."  *Desrosiers v. Secretary of HHS*,

3

846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

A claimant is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

4

1    20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

2           Step two: Does the claimant have a "severe" impairment?  If so,
            proceed to step three.  If not, the claimant is not disabled.
3
     *Id.*, §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).
4
5           Step three: Does the claimant's impairment or combination of
            impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
6           Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to
            step four.

7    *Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

8           Step four: Does the claimant's residual functional capacity make her
            capable of performing her past work?  If so, the claimant is not
9           disabled.  If not, proceed to step five.

10   *Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

11          Step five: Does the claimant have the residual functional capacity
            perform any other work?  If so, the claimant is not disabled.  If not,
12          the claimant is disabled.

13   *Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

14          The claimant bears the burden of proof in the first four steps of the sequential evaluation

15   process.  *See* 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you

16   are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the

17   sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not

18   disabled and can engage in work that exists in significant numbers in the national economy."  *Hill*

19   *v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

20                              **V.  THE ALJ's DECISION**

21          The ALJ made the following findings:

22          1. [Step 1] The claimant has not engaged in substantial gainful
            activity since May 14, 2020, the application date (AR 24).
23
24          2. [Step 2] The claimant has the following severe impairments:
            degenerative disc disease of the lumbar spine; obesity; post-
25          traumatic stress disorder and anxiety with history of substance abuse
            disorder (AR 24).

26          3. [Step 3] The claimant does not have an impairment or combination
            of impairments that meets or medically equals the severity of one of
27          the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
            (AR 26).
28

                                         5

1

2      4. [Preparation for Step 4] The claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 416.967(c) except for the

3      following: she can lift and carry 50 pounds occasionally and 25 pounds frequently. She can frequently climb ramps and stairs, but occasionally climb ladders, ropes,

4      and scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to extreme cold temperatures, unprotected heights, or

5      operation of dangerous moving machinery. She can understand, remember, and carry out simple and detailed work instruction over the course of a normal

6      workday and workweek.   (AR 28).

7      5. [Step 4] The claimant has no past relevant work (AR 42).   The

8      ALJ found her past work "was not performed at the level of substantial gainful activity during the corresponding calendar year

9      and was not performed long enough for the claimant to achieve average performance."  AR 42.

10     6. [Step 5] The claimant was born in 1971 and was 49 years old on the date the application was filed, which is defined as a "younger

11     individual", but the claimant subsequently changed age category to "closely approaching advanced age". 20 CFR § 416.963 (AR 42).

12

13     7. [Step 5, continued] The claimant has limited education, based on her testimony that the last grade completed was 8th grade (AR 42).

14     8. [Step 5, continued] Transferability of job skills is not at issue

15     because the claimant does not have past relevant work, 20 C.F.R. § 416.964 (AR 42).

16     9. [Step 5, continued] Considering the claimant's age, education,

17     work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant

18     can perform (AR 42).

19     10. The claimant has not been under a disability, as defined in the Social Security Act, from May 14, 2020 through the date of the ALJ's

20     decision. (AR 43).

21                                    **VI.  ANALYSIS**

22         Plaintiff raises only one issue before this Court.  Plaintiff contends that at Step 5 of the

23     sequential evaluation, the ALJ concluded that Plaintiff could perform work that was inconsistent

24     with the ALJ's RFC determination.  ECF No. 13 at 9.  Specifically, Plaintiff argues that the ALJ

25     identified three occupations she could perform: laundry aide, kitchen helper, and auto detailer; but

26     that all of those positions require frequent stooping/bending which is inconsistent with the RFC.

27     *Id.* at 9-10.  Defendant contends that to the extent there was error at Step 5, it was harmless.  ECF

28     No. 16 at 4.  Defendant contends that a significant number of jobs in the national economy remain

1   that Plaintiff could perform given her age, education and work experience.  *Id*.  Specifically

2   Defendant relies on the vocational expert's testimony, in response to a hypothetical question, that

3   a claimant who was more limited than Plaintiff could perform the occupations of mail sorter,

4   cashier, and fast food worker.  ECF No. 16 at 5.

5            A.  The ALJ Erred at Step 5

6            Under the Dictionary of Occupational Titles ("DOT") when a job requires the

7   performance of a task "occasionally" that means the "activity or condition exists up to 1/3 of the

8   time." *See for example* DOT 323.687-010;  *see also* Social Security Ruling ("SSR") 83-10

9   ("'Occasionally' means occurring from very little up to one-third of the time.").  By contrast,

10  "frequently" means the "activity or condition exists from 1/3 to 2/3 of the time." *See* SSR 83-10

11  ("'Frequent' means occurring from one-third to two-thirds of the time.").

12           The ALJ found that Plaintiff could perform the occupations of: 1) laundry aid (DOT

13  323.687-010); 2) kitchen helper (DOT 318.687-010); and 3) auto detailer (DOT 915.687-034).

14  AR 43.  As Plaintiff notes, all of these occupations require frequent stooping in their DOT

15  definitions.  The RFC finding in this case, includes the following relevant limitation: that Plaintiff

16  "can **occasionally** stoop, kneel, crouch, and crawl."  AR 28 (emphasis added).  The jobs of auto

17  detailer and kitchen helper also require frequent crouching which is inconsistent with the RFC.

18  *See* DOT 318.687-010 & DOT 915.687-034.

19           Social Security Ruling (SSR) 00-4p[4] provides that an ALJ has a responsibility to ask

20  about conflicts between a vocational expert ("VE")'s testimony and the DOT: "When a [VE]

21  provides evidence about the requirements of a job or occupation, the adjudicator has an

22  affirmative responsibility to ask about any possible conflict between that [VE] evidence and

23  information provided in the DOT."  If there is a conflict between the VE testimony and the DOT,

24  the ALJ must resolve the conflict.  SSR 00-4p provides: "When there is an apparent unresolved

25  conflict between [VE] evidence and the DOT, the adjudicator must elicit a reasonable explanation

26

27  ───────────────
    [4] SSR 00-4p was recently rescinded and replaced on January 6, 2025 by SSR 24-3p.  See SSR 00-
    4p (Rescinded).  However, SSR 00-4p was in effect at the time of the administrative hearing in
28  this matter.

1   for the conflict before relying on the [VE] evidence to support a determination or decision about

2   whether the claimant is disabled."  As part of the ALJ's "duty to fully develop the record, the

3   adjudicator will inquire, on the record, as to whether or not there is such consistency."  SSR 00-

4   4p.

5          Here, the ALJ did not inquire whether the VE's testimony was consistent with the DOT.

6   *See* Transcript at AR 72-74.  The testimony was in fact not consistent.  The ALJ presented a

7   hypothetical question that included "occasional stoop, kneel, crouch or crawl," and the VE

8   identified jobs that under the DOT description required frequent stooping and crouching.  The

9   ALJ did not inquire if the testimony was consistent with the DOT, and thus did not elicit any

10  testimony from the VE to resolve the inconsistency.  The ALJ's written decision contains the

11  statement: "Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is

12  consistent with the information contained in the Dictionary of Occupational Titles."  AR 43.  This

    was incorrect, and the VE's testimony was not consistent.

13         In *Massachi v. Astrue*, 486 F.3d 1149, 1150 (9th Cir. 2007), the Ninth Circuit stated:

14         We must decide for the first time whether, in light of the requirements of Social Security
           Ruling ("SSR") 00–4p, an administrative law judge ("ALJ") may rely on the testimony of
15         a vocational expert regarding the requirements of a particular job without first inquiring
           whether that expert's testimony conflicts with the *Dictionary of Occupational
16         Titles.* Consistent with other circuits that have considered this question, we hold that an
           ALJ may not.

17  The Ninth Circuit found that such error required remand.  Because the ALJ had not asked the VE

18  whether her testimony conflicted with the DOT, and if so, whether there was a reasonable

19  explanation for the conflict, the Ninth Circuit stated it could not "determine whether the ALJ

20  properly relied on her testimony."  *Id.* at 1153-54.  "As a result, we cannot determine whether

21  substantial evidence supports the ALJ's step-five finding that [claimant] could perform other

22  work."  *Id.* at 1154.  The Ninth Circuit acknowledged that such error would not always be

23  harmful: "This procedural error could have been harmless, were there no conflict, or if the

24  vocational expert had provided sufficient support for her conclusion so as to justify any potential

25  conflicts."  *Id.* at 1154 n.19.

26         Here, the VE's testimony was quite brief.  AR 72-74.  The VE was not asked if the

27  testimony was consistent with the DOT.  The testimony was in fact, not consistent.  The VE gave

28

1   no explanation for how Plaintiff could perform jobs requiring frequent stooping and crouching if

2   she could only occasionally stoop.  Instead, the ALJ relied on the VE's testimony in her decision

3   and referenced the representative occupations of laundry aide, kitchen helper, and auto detailer.

4   AR 43.  This error was not harmless.  *See Massachi*, 486 F.3d at 1153-54; *see also Coleman v.*

5   *Astrue*, 423 F. App'x 754, 756 (9th Cir. 2011) (finding the ALJ "erred by failing to ask the VE if

6   the VE's testimony conflicted with the DOT" and reversing district court's harmless error

7   determination).

8           Defendant asks that this Court affirm the ALJ's decision by relying on portions of the

9   VE's testimony that the ALJ did not refer to in her decision and find that Plaintiff can perform the

10  occupations of mail sorter, cashier, and fast food worker.  ECF No. 16 at 5.  Defendant cites to

11  the unpublished decision of *Hernandez v. Berryhill*, 707 F. App'x 456 (9th Cir. 2017).  The

12  analysis in the unpublished decision is brief, but it appears that the ALJ found three representative

13  occupations the claimant could perform and that "even if the ALJ erred by failing to resolve an

14  apparent conflict" as to two of the jobs, "[t]here was no apparent conflict" between the RFC

15  determination and the third job of envelope addresser.  *Id.* at 458-59.  That is not the case here,

16  where all the jobs identified in the ALJ's decision require frequent stooping and thus there is a

17  conflict between Plaintiff's RFC and the DOT description of all three jobs discussed in the ALJ's

18  decision.  Defendant wishes for this Court to rely on Plaintiff's ability to perform the occupations

19  of mail sorter, cashier, and fast food worker, but those occupations are not discussed in the ALJ's

20  decision.  This Court may not affirm on a ground upon which the ALJ did not rely.  *See Garrison*

21  *v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ

22  in the disability determination and may not affirm the ALJ on a ground upon which he did not

23  rely.").  Accordingly, remand is appropriate.

## VII.  CONCLUSION

25          Defendant bears the burden of proof at Step 5.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th

26  Cir. 1999).  Defendant did not meet the burden of showing Plaintiff could perform other work

27  with a significant number of jobs existing in the national economy.  The ALJ identified three

28  occupations that Plaintiff could perform that were inconsistent with the ALJ's own RFC

1    determination.  The ALJ did not inquire whether the VE's testimony was consistent with the DOT

2    and there is no explanation in the VE's testimony for the inconsistency.  The Court finds that

3    under Ninth Circuit precedent, this error was not harmless.  *See Massachi*, 486 F.3d at 1153-54.

4         Under the "ordinary remand rule," remand is appropriate where the record before the

5    agency does not support the decision, the agency has not considered all the relevant factors, or the

6    reviewing court cannot evaluate the challenged agency action on the basis of the record before it.

7    *Treichler v. Comm. of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  Under such circumstances,

8    remand to the agency is appropriate "for additional investigation or explanation." *Id.*  Based on

9    the foregoing, the Court finds that remand is warranted for additional proceedings consistent with

10   this opinion.

11        **IT IS HEREBY ORDERED:**

12        1.  Plaintiff's motion for summary judgment (ECF No. 13) is GRANTED;

13        2.  The Commissioner's cross-motion for summary judgment (ECF No. 16) is DENIED;

14        3.  This matter is REMANDED to the Commissioner for further consideration consistent

15             with this order; and

16        4.  The Clerk shall enter Judgment for Plaintiff and close this case.

17   SO ORDERED.

18   DATED:  March 20, 2025.

19

20

21

22   SEAN C. RIORDAN
     UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28